JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
FRANKLIN TUCKER,

                                  Plaintiff,                         **COMPLAINT**

       -against-

NEW YORK CITY, NEW YORK CITY DEPARTMENT OF
EDUCATION, JOEL KLEIN, in his official capacity as an
aider and abettor,

                                  Defendants,
---------------------------------------------------------------------------X

      PLAINTIFF FRANKLIN TUCKER, by and through his attorneys, THE LAW OFFICES OF SHERI HATTON, alleges the following in support of his complaint:

## INTRODUCTION

      This is a civil rights action in which the Plaintiff Franklin Tucker seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1866 and 1871, Title VII, 42 U.S.C. Sections 1981, 1983 and 1985. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Sections 1343 (3) and (4), and 42 U.S.C. Section 1983.

## VENUE

      Under 28 U.S.C. Sec. 1391(b), venue is proper in the Southern District of New York because the actions forming the basis of plaintiff's complaint occurred within this judicial district.

## PARTIES

1. Plaintiff FRANKLIN TUCKER is a African-American citizen of the United States, and at all relevant times resided within this judicial district.

2. Defendant CITY OF NEW YORK is a municipality located within this judicial district, and is subject to the laws of the State of New York. For purposes of this law suit, its business address is 100 Church Street, New York, New York 10007, while the business address for the purposes of this law suit of Defendant DEPARTMENT OF EDUCATION is 52 Chambers Street, New York, New York 10007. Their actions must conform to the laws of the State of New York and the Constitution of the United States, and violation of said laws subjects the district to suit. Defendant CITY OF NEW YORK and DEPARTMENT OF EDUCATION are a state actors for 42 U.S.C. Section 1983 purposes. They are being sued for having violated plaintiff's civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies. Plaintiff avers on information and belief that Defendant New York City Department of Education is an "employer" within the meaning of section 701 (b) of Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration.

3. Defendant JOEL KLEIN, at all relevant times, was employed by Defendant New York City Department of Education, as its Chancellor, and at all times relevant hereto was a decision-maker. He is sued in his individual capacity for violating plaintiff's protected civil rights while acting under color of state law and/or acting pursuant to practices, customs and policies of the municipal defendant. By virtue of his position, he is a state actor.

## FACTUAL AVERMNETS

4. On September 18, 1997, Defendant Department of Education hired Plaintiff Franklin Tucker to serve as an interim acting Director of Alcohol and Substance Abuse Programs in Community School District Five. He received satisfactory performance ratings for the entire period, and likewise, his time and attendance were satisfactory.

5. In fact, Mr. Tucker was invited to the New York City Department of Education by former Chancellor Rudy Crew, based upon his highly distinguished, and long term careers in Boston, Massachusetts and Washington, D.C.

6. On or about August 31, 2003, defendants terminated plaintiff, alleging "budgetary reasons". Plaintiff was the only person in title not rehired throughout the district based upon alleged budgetary limitations. Defendants' asserted basis for plaintiff's termination is pretextual because the funding used to pay plaintiff's salary does not come through the tax levy budget. Moreover, defendants have advertised for seven new position in plaintiff's area since he was terminated.

7. During his tenure with the district, plaintiff had to reapply for his position five separate times. He worked in title for approximately six consecutive years, yet never received an appointment that would result in his being placed on a tenure track.

8. Plaintiff asserts that the above-related interim assignment process is implemented by the district to limit the number of qualified African Americans' access to tenure track positions. This custom, policy or practice has had a disparate impact on African American educators.

9. Plaintiff further contends that his whistleblower status formed the basis of his termination. Mr. Tucker had previously written to former Chancellor Harold Levy detailing rampant wrongdoing in District Five.

10. Defendant Joel Klein either knew or should have known of these internal policies resulting in discriminatory job appointment processes.

11. From March 2002 through May 2003, several non-African American similarly-situated females were given permanent appointments as Directors of Drug and Alcohol Prevention Programs.

12. As a final consideration, plaintiff was repeatedly denied a complete C-30 process to address the issue of his non-appointment status.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

13. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 12 above, as if fully set forth herein.

14. Defendants violated the First Amendment of the United States Constitution by altering the terms and conditions of plaintiff's employment, and thereafter retaliating against him because plaintiff spoke out on matters of public concern, and engaged in free association. New York City Board of Education defendants engaged in customs, policies and practices that violated plaintiff's constitutional rights. This violation is made actionable through 42 U.S.C. Section 1983.

### SECOND CAUSE OF ACTION

15. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 14 above, as if fully set forth herein.

16.  Defendants intentionally discriminated against plaintiff in violation of 42 U.S.C. 1981 by subjecting plaintiff to adverse employment actions, and denying plaintiff tenure opportunities, promotional opportunities, equal terms and conditions of employment based on his race, and complaints about race discrimination.

### THIRD CAUSE OF ACTION

17.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 16 above, as if fully set forth herein.

18.  Defendants New York City, by its Department of Education retaliated against plaintiff, after he complained about race discrimination. As a result of plaintiff's exercise of a constitutionally protected right, he suffered adverse employment actions, namely unjustified termination, in violation of Title VII.

### FOURTH CAUSE OF ACTION

19.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 18 above, as if fully set forth herein.

20.  Defendants disparately treated plaintiff and retaliated against plaintiff based on his race and complaints of race discrimination, in violation of 42 U.S.C. 1981. As a result of plaintiff's exercise of a constitutionally protected right, he suffered adverse employment actions.

### FIFTH CAUSE OF ACTION

21.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 20 above, as if fully set forth herein.

22.  Defendants' hiring and promotional policies have a disparate impact on plaintiff, an African American educator, in violation of 42 U.S.C. 1981.

## SIXTH CAUSE OF ACTION

23. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 22 above, as if fully set forth herein.

24. Defendants disparately treated plaintiff and retaliated against plaintiff based on his race and complaints of race discrimination, in violation of New York Human Rights law, codified at New York Executive Law 296. As a result of plaintiff's membership in a protected class, he suffered adverse employment actions, in the form of denial of tenure opportunities, termination and hostility.

## SEVENTH CAUSE OF ACTION

25. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above, as if fully set forth herein.

26. Defendants did knowingly and deliberately conspire to violate plaintiff's constitutionally protected rights, thereby violating 42 U.S.C. 1985.

## NINTH CAUSE OF ACTION

27. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 26 above, as if fully set forth herein.

28. By intentionally subjecting plaintiff to differential terms and conditions of employment based on his race, defendants violated New York City Administrative Code Section 8-107.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs prays that this Court grant judgment, containing the following relief:

a. an award of compensatory damages to be determined at the time of trial to plaintiff for loss of pay, benefits and compensation, mental anguish, humiliation, embarrassment, and emotional injury;

b. an award of punitive damages to be determined at the time of trial as against each individual defendant;

c. an award of reasonable attorneys' fees and the costs of this action, and;

d. such other and further relief as to this Court may seem just and proper.

Dated: March 2, 2005
New York, New York

Respectfully Submitted,

The Law Office of Sheri Hatton, PLLC

By: _____
Sheri M. Hatton (SH 2990)
Attorneys for Plaintiff Franklin Tucker
305 Broadway, Suite 1204
New York, New York 10007
(212) 766-6200
(212) 766-6202